UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES BEAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-86-CCS |
| | ) | |
| SMOKY MOUNTAIN TROUT HOUSE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 20].

Now before the Court is a Motion for Permission to Withdraw as Counsel of Record [Doc. 26], filed by Plaintiff's attorneys. Attorneys James Friauf and Ariana Mansolino state that the Plaintiff has continuously failed to communicate with them, has failed to provide requested information, and has not participated in this case. Attorneys Friauf and Mansolino state that the Plaintiff's failure to participate has rendered representation impossible. The Motion continues that the parties will not suffer prejudice as a result of the withdrawal. The Motion explains that the Complaint was recently amended to eliminate a cause of action under the Federal Labor Standards Act and that the only remaining cause of action is retaliation. The Motion states that continuing representation in this matter will cause the attorneys great hardship because it will require them to put forth extensive time and resources for a matter that the Plaintiff may have abandoned.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that the Motion for Permission to Withdraw [**Doc. 26**] complies with the Local Rules, and it is **GRANTED**. The Court expects Attorneys Friauf and Mansolino to provide copies of any relevant documents to any future counsel for the Plaintiff or directly to the Plaintiff upon request. Attorneys James Friauf and Ariana Mansolino are hereby **RELIEVED** of their duties as counsel in this case.

The Plaintiff is hereby **ADMONISHED** that he is **DEEMED** to be proceeding *pro se*. Until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. The Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local

Rules, and the Court's Orders.  Within thirty days of entry of this Memorandum and Order, the Plaintiff **SHALL** advise the Court with respect to his efforts to obtain counsel or whether he intends to continue to proceed pro se.   The parties **SHALL** appear before this Court for a status conference in this case on **October 31, 2017, at 1:30 p.m.**

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Plaintiff at the address provided in the Motion for Permission to Withdraw as Counsel of Record and to update ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

          s/ C. Clifford Shirley, Jr.
United States Magistrate Judge